**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DEBORAH TERRY,<br>          Appellant, | DOCKET NUMBER<br>NY-114M-22-0041-X-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>     SECURITY,<br>          Agency. | DATE: May 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Deborah Terry</u>, Irvington, New Jersey, pro se.

<u>Christina Bui</u>, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

In a January 20, 2023 compliance initial decision, the administrative judge found the agency in partial noncompliance with a settlement agreement that had been accepted into the record for enforcement by the Board in her underlying removal appeal. *Terry v. Department of Homeland Security*, MSPB Docket No.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

NY-114M-22-0041-C-1, Compliance File (CF), Tab 7, Compliance Initial Decision (CID); *Terry v. Department of Homeland Security*, MSPB Docket No. NY-114M-22-0041-Y-1, Initial Appeal File (IAF), Tab 55, Initial Decision (ID). Accordingly, the administrative judge granted in part the appellant's petition for enforcement and ordered the agency to comply with the settlement agreement. CID at 7. For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

During the pendency of the appellant's removal appeal, the parties entered into a settlement agreement providing, in relevant part, that the agency would rescind and expunge all references to the appellant's December 21, 2019 removal from her official personnel file (OPF) and local personnel file and replace the removal Standard Form 50 (SF-50) with a resignation SF-50 indicating that the appellant resigned for personal reasons. IAF, Tab 50 at 6. The agreement further provided that the parties agreed to keep the terms and conditions of the settlement agreement confidential except in limited circumstances. *Id.* The administrative judge accepted the settlement agreement into the record for enforcement by the Board and dismissed the removal appeal as settled. ID at 3.

On July 30, 2022, the appellant filed a petition for enforcement with the Board arguing that the agency had breached the settlement agreement when a Human Resources Representative informed a potential employer that the appellant had "resigned from the TSA because she was about to be terminated." CF, Tab 1.

In the January 20, 2023 compliance initial decision, the administrative judge found that, although the Human Resources Representative stated that she did not recall informing the appellant's potential employer that the appellant resigned to avoid being terminated, there was no other explanation for how the potential employer knew the Human Resources Representative's name and the

information it reported back to the appellant after its background investigation. CID at 6. She further found that the potential employer's screening service was not one of the types of entities exempted from the nondisclosure provision of the settlement and that there was no indication that the appellant consented to the release of the information. *Id.* Thus, the administrative judge found that the agency materially breached the settlement, granted the petition for enforcement, and ordered the agency to fully comply with the terms of the settlement agreement.[2] CID at 7. She further ordered the agency to submit the name, title, grade, and address of the agency official charged with complying with the Board's order "as far as any future inquiries received by the agency pertaining to the appellant's employment history," and to inform such official in writing of the potential sanction for noncompliance as set forth in 5 U.S.C. 1204(a)(2) and (e) (2)(A). CID at 7-8.

On February 9, 2023, the agency submitted its first compliance report notifying the Board that it was in full compliance with the settlement agreement. *Terry v. Department of Homeland Security*, MSPB Docket No. NY-114M-22-0041-X-1, Compliance Referral File (CRF), Tab 1. In relevant part, the agency stated and cited record evidence showing that the appellant's removal SF-50 was cancelled, that the removal SF-50 was replaced with a resignation SF-50 noting resignation for personal reasons, and that the appellant's OPF did not contain any reference to the removal. *Id.* at 5; CF, Tab 3 at 15-145, 150-53. The agency counsel, who signed the compliance report and declared under penalty of perjury that the facts stated in the pleading were true and correct, stated that she reviewed

---

[2] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 8-9; *see* 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 9; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party petitioned for review of the compliance initial decision.

the appellant's entire OPF and confirmed that it did not contain a copy of the removal SF-50. CRF, Tab 1 at 5. The agency identified two responsible agency officials and provided copies of emails informing them, as well as the Newark Liberty International Airport (EWR) Administrative Officer, of the potential sanctions for noncompliance with the Board's order regarding future inquiries into the appellant's employment history and that the agency should refrain from discussing her previous removal action and resignation in lieu of removal. *Id.* at 6, 8, 10, 12.

In response, the appellant argued that the agency had failed to produce evidence reflecting that it had expunged references to her removal from the local personnel file maintained at the local Headquarters in Union, New Jersey. CRF, Tab 3 at 4. She stated that, with this exception, "the Agency has complied." *Id.*

On April 13, 2023, the agency submitted a supplemental compliance report containing a declaration under penalty of perjury from the EWR Administrative Officer confirming that all documents referencing the appellant's removal had been removed from the local personnel files. CRF, Tab 5. The Administrative Officer also attested that she would ensure her staff was aware and compliant with the requirement not to reference the appellant's removal or resignation in lieu of removal in response to any future inquiries into the appellant's employment history. *Id.* at 5.

## ANALYSIS

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.*

The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

As described above, the administrative judge found that the Human Resources Representative's disclosure to a potential employer that the appellant resigned in lieu of removal established that the agency was not in compliance with the settlement agreement, which provided the appellant a "clean record" and precluded disclosure of the terms and conditions of the agreement with limited exceptions. CID at 5-7. Accordingly, the administrative judge ordered the agency to comply with the settlement agreement and to identify the responsible agency officials and notify them of the potential sanction for noncompliance with the Board's order regarding future inquiries into the appellant's employment history. CID at 7-8. The agency's submissions now show that it is in compliance. In particular, as set forth above, the agency provided evidence reflecting that references to the appellant's removal have been removed from her OPF and local personnel files and that the responsible agency officials have been notified of the potential sanction for noncompliance with the Board's order. CRF, Tabs 1, 5; CF, Tab 3 at 15-145, 150-53. In addition, the appellant indicated that she was satisfied with the agency's compliance except to the extent it had failed to demonstrate it had removed references to her removal from the local personnel file maintained at the local Headquarters in Union, New Jersey. CRF, Tab 3. The agency has since submitted such evidence, and the appellant did not respond to it. CRF, Tab 5. Accordingly, we assume that she is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.